**KIKO, Estate of, In re: HUGGINS, Plaintiff-Appellant, v. DANIEL, Admr., Defendant-Appellee.**

Ohio Appeals, Seventh District, Carroll County.

No. 333. Decided April 18, 1959.

Dagger & Lantz, Lancaster, for plaintiff-appellant.
Glenn W. Vogelgesang, Canton, for defendant-appellee.

## OPINION

By DONAHUE, J.

Following an automobile accident involving LaVerne Kiko, who died within hours after the accident, and plaintiff-appellant, the latter retained counsel to represent him. Counsel, having learned that the Grange Mutual Insurance Company carried coverage on the Kiko automobile, contacted a representative of that company directly instead of sending a letter to anyone connected immediately with the deceased.

Plaintiff had learned within hours after the accident that Kiko had died, and this was confirmed by the police reports received later.

Plaintiff's counsel was in possession of the deceased's address shortly after the accident. Negotiations with the insurance company took some time, as usual. Counsel for plaintiff made no inquiries as to decedent's estate, but apparently believed that the insurance company would, in due time, make an amicable settlement.

Then, suddenly, a little more than four months after the appointment of an executor in Carroll County the insurance company advised him that, since the claim had not been filed with decedent's executor within the four month period, they were not honoring it.

Counsel, thereupon, through co-counsel, did some checking and almost immediately discovered that the executor had been appointed in Carroll County just a little more than four months before. Counsel then filed a petition under §2117.07 R. C., requesting leave to file the claim. After a hearing, the Probate Judge refused to grant the request.

From that refusal, comes this appeal.

We are unable to distinguish this case from that of **In re Estate of Marrs, 158 Oh St 95.** The facts fit precisely, and we can see no reason for overruling the Supreme Court of the State of Ohio, whereby they have spoken so plainly.

We might add that in our opinion, the statute involved here, is one which lets the matter up to the discretion of the Probate Court. The use of the word "may" is permissive, not mandatory. And where the legislature gives such discretion to a court, they do so, that he might exer-

cise it within rather broad limits. The question is not whether a reviewing court, using its discretion, would have arrived at the same result. But whether or not the original court "abused" that discretion. The facts here are not such as to indicate "abuse."

There is some claim made here that the insurance company's conduct was such as to lead plaintiff's counsel astray.

Unquestionably, the company was hoping that this would happen, but their conduct was not such as to induce plaintiff not to file his claim. At most they hoped he wouldn't and otherwise proceeded as they normally do. In addition to that, we find authority in **In re Estate of Erbaugh, 73 Oh Ap 533, on page 537,** that this evidence should have been excluded and was in no way pertinent to the issue.

We, therefore, find that the decision of the Probate Court should be and hereby is affirmed.

GRIFFITH, PJ, concurs.
PHILLIPS, J, dissents.

## DISSENTING OPINION

By PHILLIPS, J.

Plaintiff, a resident of Fairfield County, was injured in a collision between an automobile driven by plaintiff and an automobile driven by LaVerne Kiko, a resident of Carroll County, near the village of Bayard in Columbiana County, in which LaVerne Kiko was killed, and of whose death plaintiff had almost immediate notice; and of whose estate defendant was appointed administrator by the Probate Judge of Carroll County on December 31, 1957.

On January 18, 1958, counsel for plaintiff made claim for personal injury direct to the Grange Mutual Casualty Company, insurer of decedent's automobile, called insurer, stating that he did not wish to disturb decedent's widow who was injured in the collision in which decedent was killed.

Counsel for plaintiff and counsel for insurer exchanged correspondence over the claim for a considerable period of time, in which correspondence insurer's counsel stated to plaintiff's counsel that insurer would require a medical examination of plaintiff at a later date.

Finally on May 6, 1958, counsel for insurer advised plaintiff's counsel that on April 30, 1958, insurer's superintendent of claims notified him that insurer was no longer interested in discussing plaintiff's claim because of the amount thereof and for failure to comply with the provisions of §2117.07 R. C.

The Probate Judge of Carroll County denied plaintiff the right to present his claim for personal injuries to the administrator of decedent's estate for failure to comply with the provisions of §2117.07 R. C., from which denial plaintiff appealed to this court on questions of law.

Plaintiff contends he should have been granted the right to present his claim because he did not have actual knowledge of the appointment of an executor or administrator of the estate of LaVerne Kiko in sufficient time to present his claim in accordance with the provisions of §2117.07 R. C.

The burden of plaintiff's argument as shown by brief in support of his sole assigned ground of error is that "creditors in Ohio have a nine month period in which to file their claims or be forever barred"; that during "the first four months after the appointment of a fiduciary, creditors can file claims without asking permission of the court"; and that during "the next five months they must petition the court for authority to present their claims."

As applicable §2117.07 R. C., provides:—

"* * * The court MAY authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death OR of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by §2117.06 R. C.; * * *.

"* * * A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made nor any action maintained thereon, except as otherwise provided in §§2117.37 to 2117.42 inclusive, R. C., with reference to contingent claims. * * *." (Writer's emphasis.)

Plaintiff contends the case of In re Estate of Marrs: Pennsylvania Greyhound Lines, Inc. v. Marrs, Admr., 158 Oh St 95, supports his interpretation of §2117.07 R. C., that lack of actual knowledge of either the death OR the appointment of a fiduciary are grounds for permitting the filing of a claim after the expiration of the four month period.

In In re Estate of Marrs: Pennsylvania Greyhound Lines, Inc., v. Marrs, Admr., 158 Oh St 95, at page 100, the supreme court said:—

"Clearly, the General Assembly used 'or' in its generally accepted sense. By placing the alternative in the statute, actual notice of either the death OR the appointment is sufficient to place a claimant under the duty of filing his claim within the four months, PROVIDING THE NOTICE COMES SOON ENOUGH TO ENABLE HIM TO DO SO." (Writer's emphasis.)

So far as I am able to determine there is no evidence of timely knowledge by plaintiff, nor his counsel, of the date of appointment of decedent's administrator nor culpable negligence of either of them in failing to timely present plaintiff's claim after obtaining knowledge thereof.

There is no evidence that decedent's administrator, nor any person, nor corporation other than insurer, Grange Mutual Casualty Company, opposed presentment of plaintiff's claim, nor that "injury could result to creditors who have filed their claims in time, nor to others by allowance of such claim."

In the case of In re Estate of Lathrop, 1 O. O. (2nd) 482, Court of Appeals of Auglaize County the court said:—

"The mere knowledge of the death of the decedent by the claimant shortly after it occurred, is not, in and of itself, sufficient to bar the presenting of a belated claim within the provisions of §2117.07 (A) R. C.

"Knowledge of a decedent's post office address is not synonymous with the knowledge of his place of legal residence."

In the case of **Home Owners' Loan Corp. v. Doolittle, Admr., 57 Oh Ap 329**, the third paragraph of the syllabus reads:—

"**Equity requires the reinstatement of a claim where no injury could result to creditors who have filed their claims in time or to others by the allowance of such a claim.**" (Writer's emphasis.)

It is true that there is evidence that plaintiff had actual knowledge of the death of decedent, and the trial judge so found, but there is no evidence that he had timely knowledge of the appointment of a fiduciary.

In the case of **In re Estate of Hamlin, 54 Abs 257**, at **page 269**, it is said:—

"Applying the principles hereinbefore referred to, this court is impelled to find that if the claimant has in some way been brought to an intelligent apprehension of the death of the decedent OR of the appointment of the executor or administrator, so that a reasonable man or ordinary man of business would act upon the information and would regulate his conduct thereby, he has actual notice of same. * * *." (Writer's emphasis.)

Even though plaintiff had knowledge of decedent's death if he did not have "intelligent apprehension" of the appointment of the administrator in another county §2117.07 R. C., does not bar his claim, which knowledge the uncontradicted evidence shows he did not have.

In the case we review the notice of the appointment of the administrator did not come to plaintiff soon enough to enable him to file his claim in accordance with the provisions of §2117.07 R. C.

In the state of the record presented to us I conclude that the trial judge erred to plaintiff's prejudice for the added reason that it is not shown that injury could result to creditors who duly filed their claims nor to others by the allowance of plaintiff's claim. See **Home Owners' Loan Corp. v. Doolittle, Admr., 57 Oh Ap 329.**

Accordingly, I believe the trial judge erred to plaintiff's prejudice and came close to abusing his discretion in denying plaintiff the right to file his claim against the estate.

The judgment of the court of probate of Carroll County should be reversed for the reasons stated and the cause should be remanded thereto for further proceedings to be had in accordance with law.